IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE CO., LLC, | : : : : |
| Plaintiff, | : |
| v. | : 3:15-CV-00151 |
| | : (JUDGE MARIANI) |
| TEMPORARY EASEMENTS FOR 0.13 ACRES AND A TEMPORARY EASEMENT WITHIN THE EXISTING RIGHT OF WAY FOR 0.18 ACRES IN TOBYHANNA TOWNSHIP, MONROE COUNTY, PENNSYLVANIA, TAX PARCEL NUMBER 19/119816, et al., | : : : : : : : |
| Defendants. | : |

## **MEMORANDUM OPINION**

### I. **Introduction**

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 7) in this action to seize certain rights of way by eminent domain. For the reasons that follow, the Court will grant the Motion.

## II. Statement of Material Facts[1]

Plaintiff Transcontinental Gas Pipe Line Company ("Transco") is a natural gas pipeline company that operates a gas transmission system throughout many states on the eastern seaboard, including Pennsylvania. *See* FERC Order, *Transcontinental Gas Pipe Line Co., LLC*, 149 FERC 61,258, 2014 WL 7205374, at ¶ 3 (FERC Dec. 18, 2014). It is currently engaged in the "Leidy Project" to expand its existing pipeline capacity in this and other regions. *Id.* at ¶ 4. As part of this Project Transco "proposes to construct and operate a total of approximately 29.97 miles of new 42-inch-diameter pipeline loop." *Id.* The Federal Energy Regulatory Commission ("FERC") issued an Order "on December 18, 2014 granting a certificate of public convenience and necessity to Transco for the project." (Pl.'s Statement of Material Facts, Doc. 8, at ¶ 1; *see also* FERC Order, 149 FERC 61,257, 2014 WL 7205374, at *33 ("A certificate of public convenience and necessity is issued to Transco authorizing the construction of the Leidy Project as described in this Order and more fully in the application.").)

---

[1] Defendants never filed a counterstatement of material facts and, indeed, never took any action to litigate this case at all. The Middle District of Pennsylvania Local Rules provide that the "papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts, responding to the numbered paragraphs set forth in [the movant's statement of material facts], as to which it is contended that there exists a genuine issue to be tried." M.D. Pa. L.R. 56.1 "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.* The Third Circuit has held that failure to comply with such a rule "can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 175-76 (3d Cir. 1990). Thus, the Court accepts all facts asserted in Plaintiff's Statement of Material Facts as true for summary judgment purposes.

2

According to the Plaintiff, the "Defendants are the Landowners, Interest Holders, and all Unknown Owners of the Property on which Transco is seeking to acquire the Rights of Way." (Compl., Doc. 1, at ¶ 3.) Plaintiff further asserts that "[t]he Rights of Way sought to be condemned in this action are 'necessary to construct, operate and maintain' on the Property the pipeline facilities approved by the FERC Order as part of the project." (Doc. 8 at ¶ 2 (quoting 15 U.S.C. § 717f(h)).) As this Court concluded following a previous evidentiary hearing in this case, "[t]he Leidy Project pipeline will pass very close to the above-captioned Tax Parcel 19/119816 ('the Property'). Thus, Transcontinental's representatives testified that they need temporary access to the Property to create a temporary worksite from which to construct the pipeline." (Order, Mar. 24, 2015, Doc. 36, at 2.) However, "the Landowners have rejected, or otherwise have not accepted, an offer by Transco to purchase the Rights of Way for more than $3,000." (Doc. 8 at ¶ 3.)

### III. Procedural History

Plaintiff filed a Complaint to seize its desired rights of way through eminent domain on January 21, 2015. (*See* Compl., Doc. 1.) Specifically, Plaintiff sought temporary easements on Tax Parcel 19/119816 ("the Property") in Tobyhanna Township, Pennsylvania and named as Defendants the purported Property owners Karen Matirko and Bank of America. A Notice of Condemnation of the easements was issued that same day, (*see* Doc. 2), and was served on both Defendants on January 30, 2015, (*see* Docs. 5; 6). Plaintiff then filed the instant Motion on February 26, 2015, seeking "partial summary

3

judgment on the issue of Transco's authority to condemn the Rights of Way needed on the Property." (Pl.'s Mot. for Summ. J., Doc. 7, at ¶ 4.)

Shortly filing this Motion for Summary Judgment, Plaintiff filed an Emergency Motion for a Preliminary Injunction for Possession of the Rights of Way, which sought access to the Property while its Summary Judgment Motion was pending. (*See generally* Doc. 10.) A series of events related to the Emergency Motion followed, but the above-captioned Defendants participated in none of them.

First, the Court held a telephone conference call on March 4 which was intended to include the Plaintiff, the Defendants, and other Defendant landowners in related cases on whose properties the Plaintiff sought similar easements for the Leidy Project. The Court Order scheduling this call imposed a duty on the Plaintiff "to ensure that notice of this Order is promptly provided to any . . . party not represented by counsel." (Order, Mar. 2, 2015, Doc. 14, at ¶ 2.) While other *pro se* Defendants in related cases did participate in the call, Matirko and Bank of America did not.

At the conclusion of that call, the Court issued an Order directing the parties "to engage in good faith negotiations concerning Plaintiff's right to enter the properties at issue, the amounts of compensation to be paid, and any other issue(s) necessary to the resolution of the matters brought before the Court in the Motions for Preliminary Injunctions . . . ." (Order, Mar. 4, 2015, Doc. 18, at ¶ 1.) It again imposed the requirement that Plaintiff ensure that notice of the Order be provided to any party not represented by counsel. (*See id.* at ¶

4

5.) The Court also mailed a copy of the Order to the unrepresented Defendants, (see Doc. 19), and received return receipts acknowledging service on Karen Matirko and Carrie McEutrie, a representative of Bank of America, (see Docs. 20; 24). Nonetheless, the Defendants still did not participate in further proceedings. On March 9, Plaintiff filed a status report pursuant to the Court's latest Order, which represented the following:

> Transco's counsel spoke with Ms. Matirko on March 6, 2015 regarding this matter. Ms. Matirko indicated that she has no authority regarding the property at issue because she does not own it. Ms. Matirko also indicated that she had no objection to the proposed $2,000 bond amount for the property. Ms. Matirko indicated that she does not intend to participate in the hearing [on Plaintiff's Motion for a Preliminary Injunction].
> Transco has been unable to reach anyone at Bank of America who has authority over this property, nor has Transco been contacted by Bank of America.

(Status Report, Doc. 21, at 1-2.)

Finally, an evidentiary hearing and oral argument was held on the Motion for a Preliminary Injunction on March 23. Again, neither Matirko nor Bank of America attended the hearing or otherwise participated in any way. Upon hearing Plaintiff's evidence, witness testimony, and arguments, the Court issued an Order granting Plaintiff's Motion and allowing Plaintiff "access to, possession of, and entry to the Rights of Way" upon payment of a $25,000 bond. (Doc. 36 at 4-5.)

Since that time, an attorney entered her appearance on behalf of Bank of America on September 3, 2015. (See Doc. 39.) No other activity has transpired. Accordingly, there still exists no reason to believe that either named Defendant plans to litigate this matter.

5

## IV. Standard of Review

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248.

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "Inferences should be drawn in the light most favorable to

6

the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

The fact that the Defendants have not responded to the Motion for Summary Judgment "is not alone a sufficient basis for the entry of summary judgment. There must, in addition, be a finding that judgment for the moving party is" warranted under Rule 56. *Anchorage Assocs.*, 922 F.2d at 175. "Where the moving party has the burden of proof on the relevant issues, this means that the district court must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." *Id.*

### V. <u>Analysis</u>

The Natural Gas Act provides:

When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: *Provided*, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

7

15 U.S.C. § 717f(h). In interpreting section 717f(h), the Third Circuit concluded:

"Accordingly, a certificate of public convenience and necessity gives its holder the ability to obtain automatically the necessary right of way through eminent domain, with the only open issue being the compensation the landowner defendant will receive in return for the easement." *Columbia Gas Transmission, LLC v. 1.01 Acres*, 768 F.3d 300, 304 (3d Cir. 2014). Moreover, even if a party challenged the validity of FERC's Order granting the certificate, that challenge could not be brought before this Court. The Natural Gas Act allows challenges to a FERC Order to be raised only before FERC itself, *see* 15 U.S.C. § 717r(a), and thereafter only in the United States Courts of Appeals, *see id.* at § 717r(b). *Cf. also Alliance Pipeline, L.P. v. 3.304 Acres*, 911 F. Supp. 2d 826, 833 (D.N.D. 2012) ("In a condemnation action, a district court lacks jurisdiction to hear collateral attacks on certificates issued by FERC.") (citing 15 U.S.C. § 717r(a)-(b) and collecting cases). Thus,

> even if defendants were to proffer sufficient detail to raise questions about the advisability or fairness of FERC's actions . . . this Court would have no authority to amend or qualify the Commission's order. This Court's role is one of mere enforcement. *Williams Natural Gas Co. v. City of Oklahoma City*, 890 F.2d 255, 264 (10th Cir. 1989), *cert. denied*, 497 U.S. 1003, 110 S. Ct. 3236, 111 L. Ed. 2d 747 (1990); *Kern River Gas Transmission Co. v. Clark County*, 757 F. Supp. 1110, 1116 (D. Nev. 1990). The District Court's sole charge and authority is to evaluate the scope of the FERC Certificate, and order the condemnation of property in accordance with that scope.

*Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement*, Civ. No. 08-168, 2008 WL 4346405, at *3 (W.D. Pa. Sept. 19, 2008).

Here, Transco showed that it has a certificate of public convenience and necessity that the Court already found, following an evidentiary hearing, to require access to the property at issue to be put into effect. (*See* Doc. 36 at 2; *see also* Compl., Ex. A (map of project area and subject property).) Plaintiff has not been able to acquire the property rights by agreement with the landowners, and the uncontested record shows that Defendants have not accepted an offer above $3,000 for the property rights at issue. (Doc. 8 at ¶ 3) Therefore, the summary judgment record shows that Plaintiff has complied with all conditions of section 717f(h) and is therefore entitled to "obtain automatically the necessary right of way through eminent domain" under that statute. *Columbia Gas*, 768 F.3d at 304

The only remaining issue is that of the landowners' lack of participation in this lawsuit. While it is somewhat disconcerting that neither Defendant litigated the case and that only Bank of America entered a (much delayed) appearance, the Court concludes that both had ample notice of our proceedings. They were both served with Notices of Condemnation; the Plaintiff was repeatedly directed to provide them both notice of each development in the case (and represents to the Court that it did so); and, finally, the Court's own mailings providing notice to the Defendants were returned executed. This qualifies as "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950). Indeed, the Court does not know what more could have been done to ensure that

9

the Defendants were apprised of the proceedings. The Defendants' failure to participate therefore represents a volitional choice on their own parts, not a defect in the underlying proceedings.

It is still possible that other unknown persons have ownership interests in the property in question. However, as FERC noted, notice of Transco's application for a certificate of public convenience and necessity was duly published in the Federal Register. FERC Order, 149 FERC 61,258 at ¶ 8. FERC found no problems of notice to unidentified third parties to prevent it from granting the requested certificate. Nor is there any reason to believe that, following FERC's extensive review process, other owners still remain unidentified. And even if we admit that this could possibly be so, the admission amounts to no more than a "metaphysical doubt as to the material facts." *Cf. Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). The mere existence of such doubt is insufficient to defeat "an otherwise properly supported motion for summary judgment" when there is no evidence of record that unidentified third-party owners actually exist. *Id.*

### VI. Conclusion

For the reasons discussed above, Plaintiff has demonstrated that it is entitled to condemn the Rights of Way sought on Defendants' Property under the Natural Gas Act. The Court will **GRANT** its Motion for Partial Summary Judgment (Doc. 7) on this issue and will schedule the matter for a compensation hearing.

Robert D. Mariani
United States District Judge